R. B. G. BALES, ADMR., ETC. v. SOLOMON HYMAN ET AL.

SET-OFF.   *Estates of deceased persons.*

    A promissory note made by a decedent in his lifetime cannot, by virtue
    of Code 1871, § 602, be set off against a debt due for part of his estate
    purchased from his administrator.   Hutch. Code, p. 854, art. 10;
    *Mellen* v. *Boarman*, 13 S. & M. 100, cited.

ERROR to the Circuit Court of Pike County.

Hon. J. M. SMILEY, Judge.

*Cassedy & Stockdale*, for the plaintiff in error.

Under Hutch. Code, p. 854, art. 10, which is like Code 1871, § 602, it was decided in *Mellen* v. *Boarman*, 13 S. & M. 100, that the intestate's debt was not a good set-off against a debt contracted with his administrator.   Similar statutes, in other States, are construed in the same way: *Fry* v. *Evans*, 8 Wend. 530; *Hills* v. *Tallman*, 21 Wend. 674; *Merritt* v. *Seaman*, 6 Barb. 330; *Crews* v. *Williams*, 2 Bibb, 262; *Dayhuff* v. *Dayhuff*, 27 Ind. 158.   Our statute is more restrictive than that of most of the other States.

*T. R. Stockdale*, on the same side, argued the case orally.

No counsel for the defendants in error.

GEORGE, C. J., delivered the opinion of the court.

The plaintiff in error, as administrator of N. G. Bales, deceased, sold to the defendants in error four bales of cotton, and, the purchasers refusing to pay for the same, this action was brought to enforce collection of the price.   The defendants pleaded, as a set-off, the promissory note of the intestate, made to them and held by them at the time of his death.   The plaintiff's demurrer to this plea was overruled, and he sued out this writ of error.

The demurrer should have been sustained.   The statute (Code 1871, § 602) provides that " where there shall have been mutual dealings between two or more persons, and one or more of them shall die before an adjustment of such dealings, the lawful demands of such persons against each other shall be a good payment or set-off to the amount thereof, not-

withstanding the estate of one or more of such deceased persons shall be insolvent, and only the balance due shall be the debt." This statute does not embrace this case. The debt here attempted to be paid by the set-off is not a debt due to the intestate in his lifetime. It was created with the administrator since his appointment. To allow it to be paid by a debt due by the intestate in his lifetime to the debtor would be to allow a person purchasing goods from an administrator to secure a priority and preference in the collection of his debt, which might destroy the whole scheme provided by the statute for the equal distribution of a decedent's assets among his creditors. Under a statute substantially similar to this (Hutch. Code, p. 854, art. 10), a similar conclusion was reached by the High Court of Errors and Appeals, in *Mellen* v. *Boarman*, 13 S. & M. 100.

*Judgment reversed, demurrer sustained, and cause remanded.*