BETTIE PITTMAN, ADMX. *v.* GREEN PITTMAN.

1. ESTATES OF DECEASED PERSONS. *Administrator's sale.   Payment.*
   A purchaser of a decedent's property at administration sale can dis-
   charge his note given therefor by paying creditors of the estate, in
   pursuance of an agreement with the administrator.   *Bales* v. *Hyman,*
   57 Miss. 330, distinguished.

2. SAME.  *Accounting by administrator.   Vouchers.   Estoppel.*
   After the administrator has used the claims as vouchers in a settlement
   with the Chancery Court, and obtained credit for their payment, he
   cannot question their validity as demands against the estate.

APPEAL from the Circuit Court of Coahoma County.

Hon. B. F. TRIMBLE, Judge.

In this action by the appellant upon a note of the appellee
for two hundred and sixty dollars in her favor as administra-
trix, he pleaded (1) *non assumpsit,* and (2) that since execut-
ing the note he was engaged by her to superintend her business
in administering the estate, and at her instance he expended
two hundred and ninety dollars for its benefit, as shown by
an itemized account; that the items of money were received
by her for the use of the estate, and accepted in satisfaction of
his debt, and each sum was by express agreement applied *pro
tanto* in payment of the note. To this plea she demurred, upon
the grounds that her individual debt was pleaded in payment
as a set-off, and that there was no mutuality of contract. At
the trial, which was had after the demurrer was overruled, the
appellee testified that the note was for property which he pur-
chased at administration sale, proved his agency and the agree-
ment as pleaded, and introduced the register of claims from
the chancery clerk's office, over the appellant's objection, to
prove that the debts shown to be paid on his itemized account
were probated against the estate. It further appearing that
he had surrendered the probated claims to the administratrix,
who used them as vouchers in a settlement in the Chancery
Court, and obtained credit for their payment, the jury, under
instructions that this fact warranted them in finding that the
amounts were just claims against the estate, rendered a verdict
for the defendant.

*Nugent & McWillie,* for the appellant.

Payments of claims against the estate could not be set off against the note due the administratrix. *Whitehead* v. *Cade,* 1 How. 95 ; *Root* v. *Taylor,* 20 John. 137. This is not altered by our statute. *Mellen* v. *Boarman,* 13 S. & M. 100. Demurrer to the plea should have, therefore, been sustained. But the verdict is against the evidence. A general statement that the claims paid were probated does not establish their validity (*McWhorter* v. *Donald,* 39 Miss. 779) ; and the register of claims proves only that, if anything.

*Frank Johnston,* for the appellee.

By direction of the administratrix the appellee with his own money paid the debts of the estate, upon the understanding that this was to be a payment of his note, and the administratrix claimed and received in her settlement allowance of the debts so paid. No similarity exists between this and the cases cited by opposing counsel. The objection to the list from the register of claims is immaterial, in view of the fact that the appellee delivered to the appellant the probated claims which he paid, in order that she might use them as vouchers.

CAMPBELL, J., delivered the opinion of the court.

The demurrer to the second plea was properly overruled. The averment it contains, that the defendant applied his money to the payment of the debts of the plaintiff's intestate, in pursuance of an agreement with her that such payment should operate as a payment of his debt to her as administratrix, takes the case out of the operation of the rule declared in the cases of *Mellen* v. *Boarman,* 13 S. & M. 100, and *Bales* v. *Hyman,* 57 Miss. 330. The payment by the defendant of debts of the plaintiff's intestate, which she as administratrix was bound to pay, by her authority and at her request, was equivalent to paying her the money due her from the defendant. If the defendant had paid to the plaintiff the amount of his note, and she had immediately delivered the money to him as her agent to pay debts of her intestate with it, the note would be held to have been discharged. It would have been an idle ceremony for the defendant to have handed the plaintiff the money and instantly to have received it back, to be devoted to the

payment of debts desired by the plaintiff to be paid with it; and it was competent for the plaintiff to direct the defendant, who was her agent in the business of the administration, instead of paying the money into her hands, to devote it to the purpose to which it was by law appropriable, and should have been appropriated, if she had received it. Obeying such direction was a payment to her, and discharged the note.

A consideration of the competency of the "register of claims," as evidence of the probation of the claims against the estate paid by the defendant, is rendered unnecessary by the admitted fact that the plaintiff had recognized the claims paid by the defendant as proper ones, and had used them as vouchers in her settlement, and obtained credit for them. In this state of case she cannot question their validity as demands against the estate. We shall not disturb the finding of the jury on the facts.

*Judgment affirmed.*